Bruce K. Davis, Executive Director, Jay R. Garrett, Frankfort, for Complainant.

Stephen R. Turnbull, Lexington, for Respondent.

KENTUCKY BAR ASSOCIATION, Complainant,

v.

Stephen Rice TURNBULL, Respondent.

No. 2001–SC–0909–KB.

Supreme Court of Kentucky.

Feb. 21, 2002.

## OPINION AND ORDER OF SUSPENSION

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Stephen Rice Turnbull (KBA No. 84133), whose last known address was 3450 Milam, Lexington, Kentucky be suspended from the practice of law in Kentucky for a period of five years. Turnbull was found guilty of two separate charges of professional misconduct by the KBA Board of Governors.

In KBA File 8406, Turnbull is charged with four counts of professional misconduct. Count I alleges a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client. Count II alleges a violation of SCR 3.130–1.4(a) for failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information. Count III alleges a violation of SCR 3.130–1.16(d) for failing to return an unearned fee to the client after failing to take action on behalf of the client so as to earn any fee. Count IV alleges a violation of SCR 3.130–8.1(b) when Turnbull failed to respond to a lawful demand for information from an admissions or disciplinary authority.

In KBA File No. 8464, Turnbull was charged with two counts of professional misconduct. Count I alleges a violation of SCR 3.130–1.15(b) for failing to promptly

deliver to a client or a third person any funds or other property that the client or third person was entitled to receive. Count II alleges a violation of SCR 3.130–8.3(c) when Turnbull told his client he was placing settlement money in an escrow account for distribution to him but failed to do so.

The charges against Turnbull arose from verified complaints filed by two dissatisfied clients. Turnbull did not respond to service of either charge.

The Board of Governors determined that Turnbull was guilty of professional misconduct in both proceedings and recommended a five-year suspension. Turnbull, who was admitted to the practice of law in Kentucky in 1991, has been the subject of earlier discipline, including a private admonition on November 12, 1999, and was previously suspended from the practice of law for 30 days by order of this Court on November 22, 2000. He was further suspended for noncompliance with continuing legal education requirements on January 2, 2001. He has not been reinstated.

Therefore, upon consideration of the record and recommendation of the Board of Governors, this Court does ORDER that Stephen Rice Turnbull be and is hereby suspended from the practice of law in Kentucky for a period of five years. He shall not engage in the practice of law in the Commonwealth of Kentucky unless and until he is reinstated by order of this Court. The period of suspension shall begin on the date of the entry of this order.

Turnbull may seek reinstatement at the expiration of his suspension under the provisions of SCR 3.510, regarding reinstatement in a case of a disciplinary suspension, or any successor or amendment to that Rule in effect at the time of his application for reinstatement.

Pursuant to SCR 3.390, Turnbull shall, within ten days of the entry of this order, notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending,

Pursuant to SCR 3.450, Turnbull is required to pay all costs associated with these disciplinary proceedings in the amount of $73.70 for No. 8406 and $87.70 for No. 8464, for all of which execution may issue from this Court upon the finality of this Opinion and Order.

All concur.

ENTERED: February 21, 2002

/s/ Joseph E. Lambert
  Chief Justice